**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:15-cv-01926 CMA-CBS

RAPID FUNDING, LLC, a Colorado limited liability company

    *Plaintiff,*

v.

PLATINUM RAPID FUNDING GROUP, LTD., a New York Corporation

    *Defendant.*

_____

**STIPULATION AND ORDER RESPECTING
<u>CONFIDENTIALITY OF DISCOVERY MATERIALS</u>**

    Plaintiff Rapid Funding, LLC, and Defendant Platinum Rapid Funding Group, LTD, through counsel and pursuant to the provisions of Rule 26 of the Federal Rules of Civil Procedure, and acknowledging that each party has sought, or may seek through discovery, information and/or documents that are or may be considered confidential by the opposing party, hereby stipulate and agree for purposes of the above-captioned litigation, subject to the approval of the Court, as follows:

    **1.**    **SCOPE.**  This Stipulation and Order governs the use of all produced documents, responses to interrogatories and requests for admissions, deposition testimony and transcripts, and any other information, documents, objects or things which have been or will be produced or received by any party or third-party witness during pre-trial proceedings in this action pursuant to the Federal Rules of Civil

Procedure, as well as any and all copies, abstracts, digests, notes, and summaries thereof. These materials are collectively referred to herein as "Discovery Materials."

2.  **DESIGNATION.** Any Discovery Materials produced by any party or third-party witness that are deemed in good faith to contain trade secrets or other confidential research, development, or commercial information, as those terms are defined and used under the Federal Rules of Civil Procedure and other applicable authorities, may be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as the case may be, in the manner set forth below. The parties and their counsel will attempt in good faith to limit use of the "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation to situations in which there is a firm belief that such information is of a highly sensitive competitive nature. All such materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" are hereafter referred to collectively as "Confidential Materials."

3.  **PRODUCTION.** Each party's counsel of record may have access to, inspect and copy Confidential Materials sought through legitimate discovery means, and no documents shall be withheld from production, nor shall any information be withheld in answer to any interrogatories or deposition questions, on the grounds that said information, documents or answers are or may be considered confidential by the producing party, provided that the parties and their counsel shall adhere strictly to the provisions of this Stipulation and Order. Nothing in this Stipulation and Order shall preclude withholding of documents or information on any other appropriate ground, however, including without limitation that the materials or information requested are protected by privilege.

**4.     MANNER OF DESIGNATION.**

**A.     PAPER DOCUMENTS.**  A party producing paper documents considered to constitute Confidential Materials shall cause the front page of each such document to be stamped or labeled "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as the case may be.  The requesting party shall treat such documents as Confidential Materials pursuant to the terms set forth below.

**B.     ELECTRONIC DOCUMENTS.**  A party producing documents in any electronic medium considered to constitute Confidential Materials shall cause the CD-ROM, DVD-ROM, USB, Cloud Data, or other physical storage medium upon which the documents are stored to be stamped or labeled "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as the case may be.  The requesting party shall treat such documents as Confidential Materials pursuant to the terms set forth below.

**C.     DEPOSITION TESTIMONY.**  If at any deposition a witness is asked for information considered confidential by one of the parties or by the witness if the witness is not a party, counsel for said party or witness may indicate that the information sought from the witness is designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as the case may be, and the reporter transcribing the proceeding shall be instructed to so designate that portion of the record.  In the event Confidential Materials are utilized or disseminated at a deposition, any attendee at said deposition must be qualified under this Stipulation and Order to review Confidential Materials.  The Parties

expressly agree that all persons not so qualified shall be excluded from the deposition. All portions of any deposition transcript designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," and the information contained therein, shall be treated by the parties as provided below. In addition, the party or witness may, by letter to all counsel of record, designate any portion of the deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" at any time up to thirty days after actual receipt of the transcript of the deposition, and such portions shall be treated by the parties as provided below. Until the end of the thirty-day period (or until an earlier designation is made by counsel), the entire deposition shall be treated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

**D. RESPONSES TO WRITTEN DISCOVERY.** With respect to answers to interrogatories or responses to requests for admissions, a party may designate all or any portion of such responses as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by clearly labeling them as such in the body of the response. Such portions so designated shall be treated by the parties as provided below.

**5. DISPUTES AS TO DESIGNATION.** In the event any party disagrees with the designation of any Discovery Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, it shall be up to the party opposing the designation to move the Court for an order compelling production without the confidentiality restrictions. On such a motion, the

burden shall be on the producing party or witness to demonstrate that the materials qualify for protection under the Federal Rules of Civil Procedure and other applicable authorities.  Unless and until the Court shall issue a final ruling that the material is not of a confidential nature, the material in question shall continue to be treated by all parties as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as the case may be, and all provisions hereof shall be adhered to with respect to the same.

      **6.**     **USE AND DISCLOSURE.**  Discovery Materials shall be used only for the prosecution and/or defense of this action entitled *Rapid Funding, LLC, v. Platinum Rapid Funding Group, LTD* Case No. 15-cv-01926, and any other action between the parties with similar claims, including matters brought by the parties, or any one of them, before the United States Trademark Trial and Appeal Board, and shall not be used or disclosed for any other purpose whatsoever.  Except as otherwise provided herein, Confidential Materials designated as "CONFIDENTIAL" shall be disclosed by counsel only to those of the following persons who, in counsel's good faith judgment, have a legitimate need to see such materials in order to prosecute and/or defend this action: counsel's legal and clerical staff, named parties to the litigation (including, in the case of parties that are corporations or other legal entities, their officers, directors and employees involved in the prosecution or defense), and third-party witnesses as provided in the following paragraph.  In the event that Confidential Materials are designated as "Confidential--Attorneys' Eyes Only," such information shall only be disclosed to the Court, to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), court reporter(s) employed in this action, and any other person as to whom the parties agree in writing.

7. **DISCLOSURE TO EXPERTS AND WITNESSES.** Confidential Materials may be disclosed to independent experts or third-party witnesses whom counsel deems reasonably necessary for the preparation and trial of the case, provided that before any Confidential Materials are disclosed to any such independent expert or third-party witness, he or she shall be required to read this Stipulation and Order in its entirety and sign the Exhibit as attached hereto and incorporated herein by reference signifying his or her agreement to abide by its terms. Copies of all such statements shall be maintained by counsel, shall be promptly filed with the Court should the Court so direct, and shall be delivered to counsel for the producing party if and when the identity of the independent expert or third-party witness is otherwise required to be disclosed under the applicable rules.

8. **FILING WITH COURT.** If a party wishes to submit any Confidential Materials to the Court, or to use or refer to the same in briefs, affidavits, or any other documents or submissions, such papers using or referring to such Confidential Materials shall be clearly labeled as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as the case may be, and shall be filed with the Court with the request that the Court file the material under seal.in accordance with Local Rule 7.2.

9. **SUBMISSION IN OPEN COURT.** If a party wishes to introduce any Confidential Materials on the public record at a hearing or trial, such party shall give the producing party reasonable advance written notice of such intention, such notice to clearly specify the Confidential Materials to be disclosed and the manner in which they are to be disclosed, so as to afford the producing party the opportunity to apply to the Court for an order of non-disclosure or for other protection.

10. **FINAL DISPOSITION.** All Confidential Materials and all copies thereof shall be returned to the producing party at the termination of this action, or shall be destroyed by counsel for the receiving party with certification of such destruction to counsel for the producing party. The ultimate disposition of any Confidential Materials filed with the Court shall be subject to final order of the Court upon completion of the litigation.

11. **FURTHER RELIEF.** This Stipulation and Order shall not preclude any party from applying to the Court for relief from any provision hereof, or from asserting that certain Confidential Materials should receive different, greater or lesser confidentiality protection than that provided herein.

12. **EFFECT PENDING COURT APPROVAL.** This Stipulation and Order shall become effective as a stipulation among the parties immediately upon its execution by counsel for all parties, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately withheld or made conditional, no party shall treat any Confidential Materials produced prior to that time other than as provided in this Stipulation and Order without giving the producing party sufficient advance notice to allow for application to the Court for additional relief.

[INTENTIONALLY LEFT BLANK]


Stipulated as of this ____ day of February, 2016, and respectfully submitted to the Court by the parties through their counsel undersigned.

HATCH, RAY, OLSEN, SANDBERG, LLC

By: __s/ Scott L. Terrell_____
    Scott L. Terrell, Esq.
    730 17th Street, Ste. 200
    Denver, CO 80202
    Attorneys for Plaintiff
    Rapid Funding, LLC.

RUSKIN MOSCOU FALTISCHEK, P.C.

By: ___s/ Thomas A. Telesca_____
    Thomas A. Telesca, Esq.
    1425 RXR Plaza, East Tower, 15th Floor
    Uniondale, New York, 11556
    Attorneys for Defendant
    Platinum Rapid Funding Group, LTD.

SO ORDERED: **05 Feb 2016**

_____
HON. CRAIG B. SHAFFER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.: 1:15-cv-01926 CMA-CBS**

**RAPID FUNDING, LLC, a Colorado limited liability company**

*Plaintiff,*

v.

**PLATINUM RAPID FUNDING GROUP, LTD., a New York Corporation**

*Defendant.*

_____

## CERTIFICATE OF CONFIDENTIALITY

I hereby acknowledge that I am about to receive information designated as "Confidential Materials" supplied in connection with the litigation entitled *Rapid Funding, LLC, v. Platinum Rapid Funding Group, LTD.*, Civil Action No. 15-cv-01926 CMA-CBS, pending before the United States District Court for the District of Colorado. I have received and read a copy of the Protective Order in this case dated February ___, 2016, and I agree not to disclose this information except in accordance with the Protective Order.

Dated: _____, 2016

_____